**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **T-NETIX, INC., and** | § | |
| **EVERCOM SYSTEMS, INC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **LEGACY LONG DISTANCE** | § | |
| **INTERNATIONAL, INC. d/b/a** | § | |
| **LEGACY INTERNATIONAL, INC. and** | § | |
| **LEGACY INMATE COMMUNCIATIONS** | § | |
| | § | |
| **Defendant.** | § | **Jury Trial Requested** |

## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs T-NETIX, Inc. ("T-NETIX") and EVERCOM SYSTEMS, Inc. ("EVERCOM")
file this Complaint for patent infringement against Defendant Legacy Long Distance
International, Inc., doing business as Legacy International, Inc., and as Legacy Inmate
Communications ("LEGACY"), and allege as follows:

### I.
### PARTIES

1.     Plaintiff T-NETIX is a Delaware corporation with its principal place of business
in Dallas, Texas.

2.     Plaintiff EVERCOM is a Delaware corporation with its principal place of
business in Dallas, Texas.

3.     Upon information and belief, Defendant LEGACY is a California corporation
with its principal place of business at 10833 Valley View Street, Suite 150, Cypress, California
90630.  Defendant LEGACY may be served with process by serving its registered agent in the

State of Texas, National Registered Agents, Inc., at its registered agent address, 16055 Space

Center, Suite 235, Houston, Texas 77062.

## II.
## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et*

*seq.*  This Court has original and exclusive jurisdiction over the subject matter of the Complaint

under 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Defendant LEGACY has offered for sale and/or

sold or used an infringing system in McKinney, Texas, and transacts business and has committed

acts of patent infringement within the State of Texas and, upon information and belief, within the

Eastern District of Texas.  Defendant LEGACY is, therefore, subject to the personal jurisdiction

of this Court.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.
## PATENT INFRINGEMENT

7.      United States Patent No. 6,560,323 (the "'323 Patent") entitled "Computer-Based

Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone

Access" was duly and legally issued by the United States Patent and Trademark Office on May

6, 2003, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest

in and to the '323 Patent, and possesses all rights of recovery, including the right to recover all

past damages under the '323 Patent.

8.      United States Patent No. 5,655,013 (the "'013 Patent") entitled "Computer-Based

Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone

Access" was duly and legally issued by the United States Patent and Trademark Office on

August 5, 1997, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest in and to the '013 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '013 Patent.

9.      United States Patent No. 6,611,583 (the "'583 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 26, 2003, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest in and to the '583 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '583 Patent.

10.     United States Patent No. 6,064,963 (the "'963 Patent") entitled "Automatic Key Word or Phrase Speech Recognition for the Corrections Industry" was duly and legally issued by the United States Patent and Trademark Office on May 16, 2000, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest in and to the '963 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '963 Patent.

11.     United States Patent No. 7,203,301 (the "'301 Patent") entitled "System and Method for Call Treatment" was duly and legally issued by the United States Patent and Trademark Office on April 10, 2007, after full and fair examination.  EVERCOM is the assignee of all rights, title, and interest in and to the '301 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '301 Patent.

12.     United States Patent No. 6,836,540 (the "'540 Patent") entitled "Systems and Methods for Offering a Service to a Party Associated with a Blocked Call" was duly and legally issued by the United States Patent and Trademark Office on December 28, 2004, after full and fair examination.  EVERCOM is the assignee of all rights, title, and interest in and to the '540

Patent, and possesses all rights of recovery, including the right to recover all past damages under the '540 Patent.

13.     Plaintiff T-NETIX makes, uses, sells, and offers to sell to the telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking and other related goods and services, including commissary services.

14.     Plaintiff EVERCOM makes, uses, sells, and offers to sell to the telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking and other related goods and services, including commissary services.

15.     Defendant LEGACY makes, manufactures, uses, sells, or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with T-NETIX and EVERCOM.   On information and belief, Defendant LEGACY, by making, using, selling, or offering to sell in the United States, without authority, products and services, including its iCON system, has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent within the United States.

## Count One – Infringement of '323 Patent

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

17.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '323 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '323 Patent in violation of 35 U.S.C. § 271.

## Count Two – Infringement of '013 Patent

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

19.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '013 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '013 Patent in violation of 35 U.S.C. § 271.

## Count Three – Infringement of '583 Patent

20.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

21.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '583 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '583 Patent in violation of 35 U.S.C. § 271.

## Count Four – Infringement of '963 Patent

22.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

23.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '963 Patent by, among other things, making, manufacturing,

using, selling, or offering to sell goods and services, as stated above, that practice the '963 Patent in violation of 35 U.S.C. § 271.

## Count Five – Infringement of '301 Patent

24.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

25.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '301 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '301 Patent in violation of 35 U.S.C. § 271.

## Count Six – Infringement of '540 Patent

26.     Plaintiffs re-allege and incorporate by reference paragraphs 1-15 above.

27.     Defendant LEGACY has infringed and continues to directly and indirectly infringe one or more claims of the '540 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '540 Patent in violation of 35 U.S.C. § 271.

## IV.
## REMEDIES

28.     As a direct and proximate consequence of the acts and practices of Defendant LEGACY in infringing and/or inducing the infringement of one or more claims of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent, Plaintiffs have been damaged in an amount to be determined at trial and will continue to be damaged in their business and property rights as a result of Defendant LEGACY's infringing activities unless such activities are enjoined by this Court.   Pursuant to 35 U.S.C. § 284,

Plaintiffs are entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

29.     By reason of its infringing acts and practices, Defendant LEGACY has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.   Plaintiffs therefore request a permanent injunction prohibiting Defendant LEGACY, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent.

30.     Plaintiffs have given Defendant LEGACY actual notice of their rights in the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent by written notice, by filing suit, or otherwise.   Defendant LEGACY has knowledge of Plaintiffs' patents and has not ceased its infringing activities.   Defendant LEGACY's continuing infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent is willful and deliberate.

### V.
### COSTS INTEREST AND ATTORNEYS' FEES

31.     Plaintiffs request the Court award it all reasonable attorneys' fees and costs incurred in this litigation and pre- and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

# VI.
## JURY DEMAND

32.     Plaintiffs request a jury trial of all issues in this action so triable.

# VII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs T-NETIX and EVERCOM respectfully request the following relief:

1.      A judgment that Defendant LEGACY has infringed, directly and/or indirectly, the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent;

2.      A judgment and order permanently enjoining Defendant LEGACY and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent pursuant to 35 U.S.C. § 283;

3.      A judgment and order requiring Defendant LEGACY to pay T-NETIX damages sufficient to compensate T-NETIX for the infringement of the '323 Patent, the '013 Patent, the '583 Patent, and the '963 Patent in an amount not less than T-NETIX's lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental

damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

4.      A judgment and order requiring Defendant LEGACY to pay EVERCOM damages sufficient to compensate EVERCOM for the infringement of the '301 Patent and the '540 Patent in an amount not less than EVERCOM's lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

5.      A judgment and order awarding treble damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant LEGACY's acts of infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent are determined to be willful;

6.      An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent by Defendant LEGACY to the day a judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

7.      An award of all costs and reasonable attorneys' fees against Defendant LEGACY, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '323 Patent, the '013 Patent, the '583 Patent, the '963 Patent, the '301 Patent, and the '540 Patent;

8.      Such other and further relief to which Plaintiffs may be entitled.

DATED:  January 18, 2009                    Respectfully submitted,


                                            By:    /s/    Anthony J. Magee
                                            **G. Michael Gruber**
                                            State Bar No. 08555400
                                            mgruber@ghjhlaw.com
                                            **Anthony J. Magee**
                                            State Bar No. 00786081
                                            amagee@ghjhlaw.com
                                            **Michael J. Lang**
                                            State Bar No. 24036944
                                            mlang@ghjhlaw.com
                                            **Demarron Berkley**
                                            State Bar No. 24050287
                                            dberkley@ghjhlaw.com

                                            **GRUBER HURST JOHANSEN & HAIL, LLP**
                                            1445 Ross Ave., Suite 2500
                                            Dallas, Texas 75202
                                            Telephone:     214.855.6800
                                            Facsimile:     214.855.6808

                                            **ATTORNEYS FOR PLAINTIFFS T-NETIX, INC., and EVERCOM, INC.**